### Peoria General Electric Co. v. John Gallagher.

1. MASTER AND SERVANT—*A Servant Assumes the Usual Hazards of his Employment.* — In a personal injury suit brought by a servant against his master, it appeared that the servant was not exposed to any risk or danger which he could not, in the exercise of his natural faculties, have fully comprehended and appreciated, and that the injury was caused by an accident falling within the usual hazards of the employment. *Held,* that the master was not liable.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the May term, 1896. Reversed. Opinion filed December 9, 1896.

PAGE, WEAD & PUTERBAUGH, attorneys for appellant; STEVENS, HORTON & ABBOTT, of counsel.

DAN R. SHEEN and ARTHUR KEITHLEY, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was an action on the case by appellee to recover for injuries sustained by him while in appellant's service in repairing, or making changes in, appellant's wire line.

There was a verdict for $6,000 in favor of appellee, a remittitur for $3,000, and judgment for $3,000.

The principal causes for reversal urged are, that the verdict is against the evidence, and that the evidence does not support the declaration even if it be considered that the declaration does show negligence of defendant.

The negligence charged was that the fastenings holding glass insulators on the cross-beams of a thirty-foot pole, about to be removed, were so badly decayed that a jar of the pole would cause the insulators to fall, and that while the plaintiff was cutting a guy wire under the peremptory order of appellant's foreman, one of the insulators fell from its fastenings and knocked him to the ground.

The plaintiff testified that the foreman, under whom he was working, assured him that the pole was safe, and peremptorily ordered him to go up the pole and cut the guy wire; that he did so; that on cutting the guy wire the pole sprung back some three or four feet and shook off an insulator which struck him.

He is contradicted by the foreman as to the assurance that the pole was safe, and as to the peremptory order to ascend it. A clear preponderance of the evidence is against him, as to his being struck by an insulator. We think it clearly shows that he fell for some other reason, most probably because of his spur slipping over a tin sign which had been nailed to the pole.

The particular line of employment in which appellee was engaged—that of removing the wires from smaller poles and placing them upon larger ones, and of removing the smaller poles—was necessarily dangerous. In his contract of employment, appellee undoubtedly assumed the hazards growing out of the defective or insecure condition of the poles that he was compelled to climb and assist in removing. He was no novice in his business because he had been engaged in that line of employment in Peoria and elsewhere for a number of years. We think the accident which befell appellee falls clearly within the usual hazards of the business.

We are also of the opinion that the proofs fail to show

that appellant was chargeable with any negligence which contributed to the accident. It was not required to give appellee warning, because it was not in possession of the knowledge of any defect contributing to the injury, not possessed by appellee himself. It did not expose appellee to any risk or danger which he could not, in the exercise of his natural faculties, fully comprehend and appreciate. The danger encountered by appellee he was presumed to know. The case is clearly distinguishable from that of Anderson Pressed Brick Co. v. Sobkowiak, reported in 148 Ill. 573.

Entertaining the opinion that appellant was guilty of no negligence which contributed to appellee's injury and that his injury was caused by an accident falling within the usual hazards of his employment, we reverse the judgment but do not remand the cause. Judgment reversed.

FINDING OF FACTS TO BE INCORPORATED IN THE JUDGMENT.

We find that the injury for which the plaintiff below brought this suit to recover, occurred by reason of an accident falling within the usual hazards of his line of employment; that the defendant was guilty of no negligence which contributed to the plaintiff's injury and that the plaintiff has no cause of action against the defendant.